UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

Alford Elliott
      Plaintiff,

                                       Complaint

                                      Jury Demand

Professional Placement Services,
LLC   Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Alford Elliott ("Plaintiff"), by and through his
attorneys, Suburban Legal Group, PC, and complains of the Defendant, Professional
Placement Services, LLC (hereinafter "PPS") stating as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Plaintiff against PPS (Defendant). for
violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq.
("FDCPA").

2.      The language of the FDCPA does not permit communications to third
parties, including letter venders. *Khimmat v. Weltman, Weinberg & Reis Co.
LPA*, No. 2:21-cv-02944-JDW, (E.D. Pa. 2022).

3.    "In construing a federal statute, we generally look to federal decisions for
[their] interpretation of the statutory provisions." *Melena v. Anheuser-Busch,
Inc.*, 219 Ill. 2d 135, 141 (2006)

## JURISDICTION AND VENUE

4.    Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. 1692k(d).

5.  Defendant is subject to the provisions of the FDCPA and to the jurisdiction

of this Court pursuant to Fed. R. Civ. P. 4(k).

6.  Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. 51391

because the acts complained of were committed and / or caused by the

Defendant therein.

## PARTIES

6. Plaintiff is a natural person residing in Cook County, Illinois, and a consumer

as defined by 15 U.S.C. 1692a(3).

7. Defendant PPS, is a Wisconsin Corporation with a primary business address

of 272 North 12th Street, Milwaukee, Wisconsin, 53201.

9.  Defendant is a debt collector within the meaning of 15 U.S.C. 1692a(6), in that
it uses postal mail, an instrumentality of interstate commerce, across state lines for its
business, the principal purpose of which is the collection of debts, and/or it regularly
collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be
owed or due another.

## FACTUAL ALLEGATIONS

10,     Defendant was the Debt Collector for this Account.  See Exhibit A.

11.  However, rather than preparing and mailing a collection letter on its own,
Defendant sent information regarding Plaintiff to a third party mailing
vendor.

12.  Said mailing vendor is not a party listed in 15 U.S.C. Section 1692c(b) who
is allowed to be given information about Plaintiff.

13.  Defendant has invaded Plaintiff's expectation of privacy

14.  Defendant disclosed to the mail house:

    a   Plaintiff's status as a debtor;

    b   The fact that Plaintiff allegedly owed $75.00;

    c   the fact the Debt had been collected on by a third party

    d   other highly personal pieces of information.

15. The mail house then populated some or all of this information into a prewritten template, printed, and mailed the letter from a third party vendor to Plaintiff's residence in Illinois. SEE PLAINTIFF'S EXHIBIT.

16. Based on information and belief, an actual human being at the third party vender was given this information by Defendant.

17. The FDCPA defines "communication" at 15 U.S.C. 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

18. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

19. Defendant's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged Debt.

20. Plaintiff never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

21. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a Consumer Reporting

Agency, if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (emphasis added).

22. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §

1692c(b).

23. Due to Defendant's communication to this mail house, information about Plaintiff, her financial situation, and her home address are all within the possession of an unauthorized third-party.

24. If a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown* v.

*Van Ru Credit corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

25. Defendant's unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party,

26. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive medical information to an unauthorized third-party has on consumers.

27. Defendant has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees or has assigned his rights to fees and costs to the aforementioned firm.

COUNT 1
<u>DEFENDANT'S VIOLATIONS OF THE FDCPA</u>

28. Plaintiff adopts and incorporates paragraphs 1 — 25 as if fully stated herein.

Page 4 of 10

29. Defendant violated 15 U.S.C. 1692c(b) when it disclosed information about Plaintiff's purported ACH debt to the employees of an unauthorized third-party mail house in connection with the collection of the Debt.

30. Defendant violated 15 U.S.C. 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

31. Defendant conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $ 1,000 as well as other relief.

32. Defendant intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

33. By its conduct, Defendant is liable under the FDCPA for statutory damage up to $1,000 and other compensation.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Preferred, for:

(a) Statutory damages of $1,000.00, pursuant to 15 U.S.C. 1692k(a)(2)(A); (b) Actual damages, pursuant to 15 U.S.C. 1692k(a)(2)(A); (c) Reasonable costs & attorneys' fees under to 15 U.S.C. 1692k(a)(3); and,

(b)    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted March 28, 2022, by:

Page 5 of 10

By: __/s/ John P. Carlin, Esq.
John P. Carlin, Esq.
1305 Remington Road, Suite C
Schaumburg, Il 60173
Tel: 847-843-8600
Fax: 847-843-8605
jcarlin@suburbanlegalgroup.com
*Attorney for Plaintiff*